**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Laurel Nancy Tevolitz, | No.  CV-22-08085-PHX-SPL |
| Plaintiff, | |
| vs. | **ORDER** |
| Clear Recon Corporation, et al., | |
| Defendants. | |

Before the Court are two Motions to Dismiss (Docs. 39 & 40). The first was filed by Defendants ServiceLink, LLC, Chris Azur, David Holland, and David LaSpaluto (collectively, "ServiceLink Defendants"). (Doc. 39). The second was filed by all other Defendants in this matter, except for Defendants BMO Harris Bank, David R. Casper, and Stephen R. Taylor.[1] (Doc. 40). The Motions are fully briefed and ready for review.[2] (Docs.

---

[1] Specifically, the second Motion to Dismiss was filed by the following Defendants: Clear Recon Corp.; Tammy Laird; Aldridge Pite, LLP; John Aldridge; Jeff Garrity; Dovenmuehle Mortgage, Inc.; William A. Mynatt; Glen S. Braun; Auction.com, LLC; Jason Allnutt; and Richard Santiago. (*See* Doc. 40 at 1).

Defendants BMO Harris Bank, Casper, and Taylor have not yet appeared in this action and therefore do not join in the remaining Defendants' Motions to Dismiss.

[2] The Court is also in receipt of Defendants' Request for Judicial Notice (Doc. 41). Plaintiff did not respond to or otherwise oppose the Request. Moreover, the documents attached to Defendants' Request are properly subject to judicial notice. The Promissory Note (Doc. 41-1 at 2) is referred to throughout the SAC and lies at the very center of her claims. *See Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) ("A court may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the

39, 40, 45, 47 & 48). The Court grants both Motions, for the following reasons.[3]

## I.    BACKGROUND

This case concerns real property located at 11786 North Tevy Trail, Prescott Valley, Arizona 86513 (the "Property"). (Doc. 17 at 3). On March 12, 2013, Plaintiff Laurel Nancy Tevolitz's ("Plaintiff") parents—Malen and Beverly Tevolitz—willed and conveyed the Property to Plaintiff and her brother via a beneficiary deed. (*Id.*; Doc. 41-2 at 2–3). On October 27, 2016, Plaintiff's parents obtained a mortgage loan (the "Loan") for $197,000 from Defendant BMO Harris Bank. (Doc. 41-1 at 2–4, the "Note"). The Loan was secured by a "Deed of Trust" which expressly referred to the October 27, 2016 Note and which encumbered the Property. (Doc. 41-3 at 4 (describing "Transfer of Rights in the Property")). Defendant Dovenmuehle Mortgage, Inc. ("DMI") is the sub-servicer of the Loan. Plaintiff's father passed away in 2018 and her mother passed away in 2019, and title to the Property passed to Plaintiff and her brother. (Doc. 17 at 3).

On February 12, 2021, Plaintiff recorded a "Revised Full Reconveyance and Acceptance of Property, Warranty Deed & Beneficiary Deed" in Cobb County, Georgia. (*Id.* at 3–4; Doc. 14 at 9–20). It is unclear why it was recorded in Georgia. Nevertheless, Plaintiff contends that this document proves that she fully satisfied the Loan. (Doc. 14 at 10 ("The DEED set forth herein is FULLY RELEASED and SATISFIED.")). On May 4, 2021, Plaintiff alleges that she mailed a letter dated April 12, 2021 to Defendant BMO

---

document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion."). The remaining documents attached to Defendants' Request were all recorded and are therefore matters of the public record. *See Lee v. City of L.A.*, 250 F.3d 668, 689 (9th Cir. 2001) ("A court may take judicial notice of 'matters of public record' without converting a motion to dismiss into a motion for summary judgment."). The Court grants the Request and takes judicial notice of the documents attached thereto.

[3] Because it would not assist in resolution of the instant issues, the Court finds the pending motions are suitable for decision without oral argument. See LRCiv. 7.2(f); Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

Harris Bank titled "Demand for Discharge, Documents Supporting Authority to Discharge After Payoff of the Following Mortgage." (Doc. 14 at 23). In the letter, Plaintiff stated that she had paid off the mortgage and demanded that Defendant BMO Bank, "upon receipt of the payoff," record or provide a discharge. (Doc. 17 at 4). Plaintiff alleges that Defendant BMO Harris Bank received the "payoff" but failed to discharge the Loan. (*Id.*).

Although Plaintiff claims that the Loan was paid off, Defendants assert that the Loan defaulted and, as a result, Defendant BMO Harris Bank elected to pursue foreclosure. (Doc. 40 at 3). On February 24, 2022, Defendant BMO Harris Bank appointed Defendant Clear Recon Corp. ("CRC") as Trustee. (Doc. 41-4 at 2–3). On March 21, 2022, Defendant CRC executed a Notice of Trustee's Sale (the "Notice"); the Notice was recorded three days later. (Doc. 41-5 at 2–4). The Notice set the sale of the Property for June 27, 2022. (*Id.*). Defendant BMO Harris Bank hired Defendant Auction.com "to cry the sale at the sale site." (Doc. 40 at 3). Plaintiff acknowledges that she received the Notice in early April 2022. (Doc. 17 at 4). Plaintiff apparently seeks to stop the pending foreclosure sale, arguing that the sale cannot take place because the Loan was paid off and because she is not a party to a contract with any of the Defendants. (*Id.* at 3–4). Defendants indicate that the trustee's sale has been postponed pending the outcome of this litigation. (Doc. 40 at 4).

On May 12, 2022, Plaintiff filed the initial Complaint (Doc. 1) in this matter. Plaintiff has since filed several amended complaints. (Docs. 1, 11, 17 & 32). As explained below, the Court treats Plaintiff's Second Amended Complaint (Doc. 17) as the operative complaint. Plaintiff asserts at least five causes of action against Defendants: (i) violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*; (ii) invasion of privacy; (iii) violation of 42 U.S.C. § 1983; (iv) violation of 42 U.S.C. § 1985; and (v) violation of contract law. (Doc. 17 at 15–22).

## II.     LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 570 (2007)). A court may dismiss a complaint for failure to state a claim under Rule 12(b)(6) for two reasons: (1) lack of a cognizable legal theory, or (2) insufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A claim is facially plausible when it contains "factual content that allows the court to draw the reasonable inference" that the moving party is liable. *Ashcroft*, 556 U.S. at 678. Factual allegations in the complaint should be assumed true, and a court should then "determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. Facts should be viewed "in the light most favorable to the non-moving party." *Faulkner v. ADT Sec. Servs., Inc.*, 706 F.3d 1017, 1019 (9th Cir. 2013).

## III.   DISCUSSION

### A.   Plaintiff's Second Amended Complaint is the Operative Complaint

On May 12, 2022, Plaintiff filed her initial Complaint (Doc. 1). On May 13, 2022, the Court found that the initial Complaint contained personally identifiable information in violation of Rule 5.2(a) and ordered Plaintiff to file a Redacted Complaint. (Doc. 6). On May 17, 2022, Plaintiff filed a Redacted Complaint (Doc. 8) in accordance with the Court's Order. On May 25, 2022, Plaintiff filed the First Amended Complaint ("FAC") (Doc. 11). On June 16, 2022, Plaintiff filed the Second Amended Complaint ("SAC") (Doc. 17). Plaintiff asserts that service was completed on most of the Defendants between June 21 and June 23, 2022. (Doc. 31-2 at 5–8). On August 5, 2022, Plaintiff filed the Third Amended Complaint ("TAC") (Doc. 32).

Under Rule 15(a), a plaintiff may amend her complaint *once* "as a matter of course" within 21 days after serving it or 21 days after service of a responsive pleading. Fed. R. Civ. P. 15(a)(1); *see Nolen v. Fitzharris*, 450 F.2d 958, 958 (9th Cir. 1971) ("Under Rule 15(a), . . . a party may amend his pleading once as a matter of course at any time before a responsive pleading is served."). Otherwise, a plaintiff may amend only with the opposing party's written consent or the Court's leave. Fed. R. Civ. P. 15(a)(2). Here, Defendants request that the Court strike the TAC and treat the SAC as the operative complaint because Plaintiff failed to comply with Rule 15(a)(2) by obtaining Defendants' consent or the

1    Court's leave prior to filing the TAC. (Doc. 40 at 13–14). Plaintiff does not respond to

2    Defendants' argument.[4] (*See generally* Doc. 45).

3           The Court agrees that the TAC should be stricken. By filing her earlier amendments,

4    Plaintiff used her one-time "matter of course" amendment under Rule 15(a)(1) and

5    therefore was required to comply with Rule 15(a)(2) by seeking this Court's leave—or

6    Defendants' consent—before filing the TAC. Plaintiff failed to do so, and the TAC must

7    be stricken.[5] The Court will treat the SAC as the operative complaint.[6] Having stricken

8

9          [4] The Court notes at least one argument Plaintiff could have made, considering that
Defendants were apparently not served until *after* the SAC was filed. (*See* Doc. 31). Some

10   courts—albeit none in the Ninth Circuit—have found that pre-service amendments do not
count against a plaintiff's one-time, "matter of course" amendment under Rule 15(a)(1).

11   *See Maldonado v. Ford*, No. 5:19-cv-421 (MTT), 2021 WL 2689837, at *1 (M.D. Ga. June
30, 2021) (listing cases) ("Although the Court is not aware of any controlling precedent on

12   the issue, some courts have concluded that amendments filed before service do not count
against the plaintiff's opportunity to amend as a matter of course."); *but see Swenson v.*

13   *Hable*, No. 21-CV-1011 (SRN/HB), 2021 WL 3476720, at *2 (D. Minn. July 15, 2021)
(holding that "once as a matter of course" standard *does* apply to a first pre-service attempt

14   to amend).

15

16       [5] Plaintiff also failed to comply with LRCiv. 15.1, which provides the relevant local
rule for amending a pleading. Namely, Plaintiff did not attach a copy of the amended

17   pleading indicating how it differs from the pleading which it amends, which is required
under both subsections (a) and (b).

18

19

20       [6] It is not clear why Defendants do not also seek the striking of the SAC, given that
Plaintiff (i) may have already used her one-time "matter of course" amendment under Rule

21   15(a)(1) by filing the FAC and (ii) did not seek the Court's leave or, presumably,
Defendants' consent prior to filing the SAC.

22          Further, there is even some legal support for striking the FAC too. Some courts—

23   indeed, a court within this District—have found that court-ordered amendments count
against a plaintiff's one-time, "matter of course" amendment under Rule 15(a)(1). *See, e.g.*,

24   *Holtz v. Ryan*, No. CV-17-02562-PHX-JAT (MHB), 2019 WL 4051809, at *2 (D. Ariz.
Aug. 27, 2019) ("Here, the Court sua sponte gave Petitioner an opportunity to amend

25   because his Petition was unwieldy and inconsistent with Rule 8. . . . This sua sponte
requirement of amendment seems to this Court to 'count' as the one-time amendment as a

26   matter of course."). That said, other district courts in the Ninth Circuit have disagreed, and

27   the Circuit itself has not yet taken up the issue. *See, e.g.*, *Gould v. Cal. Dep't of Corr. &*

28   *Rehab.*, No. 2:18-cv-1981-JAM-EFB P, 2020 WL 4430541, at *1 (E.D. Cal. July 31, 2020)

Plaintiff's TAC, the Court notes that Laurel I. Handley, Janet M. Spears, and David M. LaSpaluto—individuals whom Plaintiff sought to join as Defendants in the TAC—are *not* joined as Defendants in this action.

### B. Dismissal of ServiceLink Defendants

Before addressing the other Defendants' Motion, the Court first grants the ServiceLink Defendants' Motion (Doc. 39). Plaintiff failed to state a cognizable legal claim against the ServiceLink Defendants. Defendants Azur and Holland—employees of Defendant ServiceLink—are listed in the SAC's caption but not mentioned *anywhere* else in the SAC. (*See generally* Doc. 17). Plaintiff does not allege any facts related to Defendants Azur and Holland and Plaintiff does not indicate which claims she brings against them. The Court finds that Plaintiff has failed to state a claim against Defendants Azur and Holland because there is no cognizable legal theory against them *and* because Plaintiff fails to plead any facts, let alone *sufficient* facts, to support such a cognizable legal theory.[7] *See Balistreri*, 901 F.2d at 699.

As to Defendant ServiceLink, dismissal is appropriate for the same reasons. The SAC refers to Defendant ServiceLink only twice. First, in the fact section, Plaintiff states:

Alleged Loan is WAS NOT from bank. Pursuant to title 12

---

(emphasis added) ("This is also plaintiff's first *voluntary* amendment, as he filed his *first* amended complaint in response to the court's screening order, which warned of dismissal if he failed to comply and did not limit his right to amend under Rule 15. . . . Accordingly, plaintiff's *second* amended complaint exhausts his allowed amendment 'once as a matter of course,' for the purposes of Rule 15(a)."). Regardless, Defendants may have been able to argue that the Redacted Complaint (Doc. 8) was an amendment of Plaintiff's initial Complaint, that it counted against Plaintiff's one-time, "matter of course" amendment under Rule 15(a)(1), and that Plaintiff's failure to obtain leave or consent prior to filing the FAC or the SAC necessitates the striking of both. That said, Defendants do not make any arguments for striking the SAC or the FAC. Defendants request only that the TAC be stricken, and that the SAC be the operative complaint. The Court grants that request.

[7] In striking Plaintiff's TAC (Doc. 32), the Court has already found that Defendant LaSpaluto shall not be joined as a Defendant in this matter. *See supra* pt. III, sec. (A). Thus, the Court need not determine whether Plaintiff has stated a claim against him.

USC. . . . Any Bank.

> The Undersigned's estate "MALEN Z. AND BEVERLY H. TEVOLITZ TRUST, Entitlement Holder, Laurel-Nancy: Tevolitz "DISCHARGING ALL DEBTS AS THE AUTHORIZED CREDITOR, in addition to SERVICELINK TITLE AGENCY, INC., CLEAR RECON CORP& ALDRIDGE PITE LLP, John Aldridge & Jeff Garrity ENGAGING IN FRAUD BUYING STOLEN PROPERTY FROM ANOTHER LENDING COMPANY NEIGHTER PUT UP ANY REAL MONEY TO CLAIM INTEREST IN PURCHASING THEFT OF PROPERTY belonging to the real owner Laurel-Nancy: Tevolitz, Grantor for the family Tevolitz Estate heir Beneficiary.

(Doc. 17 at 8). To say the least, this factual allegation is difficult if not impossible to understand. As it relates to Defendant ServiceLink, it is entirely unclear what facts Plaintiff is alleging against the company. Second, Plaintiff refers to Defendant ServiceLink with respect to her sixth cause of action for "violation of contract law":

> Defendants SERVICELINK TITLE AGENCY, INC., DOVENMUEHLE MORTGAGE, INC., BMO HARRIS BANK, N.A., CLEAR RECON CORP and ALDRIDGE PITE LLP, John Aldridge & Jeff Garrity along with their principals and agents have induced and produced any and all contracts they allege exist between the Plaintiff and the Defendants through fraud, coercion, misrepresentation and non-disclosure. <u>Am Jur 2nd, Volume 17(A) Clause #298</u>, applies. NO IMMUNITIES WILL PROTECT A PERSON WHO ACTS IN BAD FAITH.

(*Id.* at 21). As discussed below, Plaintiff fails to state a claim for "violation of contract law" against any of the Defendants, including Defendant ServiceLink. Plaintiff fails to even identify a contract between herself and Defendant ServiceLink, thus making it entirely unclear what contract Defendant ServiceLink could have possibly violated. Plaintiff has failed to state a legally cognizable claim—or allege any facts to support a claim—against Defendant ServiceLink. The Court grants the ServiceLink Defendants' Motion to Dismiss (Doc. 39) and dismisses Defendants ServiceLink, Azur, and Holland from this action.

### C. Dismissal of Remaining Individual Defendants

As Defendants point out in their Motion (Docs. 40 at 2), Plaintiff fails to allege any facts mentioning or even related to Defendants Tammy Laird, William A. Mynatt, Glen S.

7

Braun, Jason Allnutt, or Richard Santiago. These individuals are employed by the companies named as Defendants in this matter—that is, each of them is an employee of either CRC, DMI, or Auction.com. Aside from including their names in the caption, however, Plaintiff fails to even mention Defendants Laird, Mynatt, Braun, Allnutt, or Santiago anywhere else in the SAC. The Court cannot find that Plaintiff has sufficiently stated a claim against these Defendants because the SAC offers no allegations related to their conduct and it does not identify which of its claims are asserted against them. In contrast, Plaintiff at least refers to Defendants John Aldridge and Jeff Garrity in other parts of the SAC aside from its caption and specifically includes their names in her claims. (*See* Doc. 17 at 7, 8, 17, 18, 19, 20 & 21). Given that Plaintiff's pleadings are at least somewhat more inclusive of Defendants Aldridge and Garrity, the Court includes these individual Defendants in its analysis of Plaintiff's specific claims below. As to Defendants Laid, Mynatt, Braun, Allnutt, and Santiago, however, the Court dismisses them from the action because the SAC contains no factual allegations linking them to Plaintiff's claims or otherwise providing a basis for their individual liability.

### D.  Plaintiff's Claims Against Remaining Defendants

Given the Court's rulings above, Defendants Aldridge, Garrity, CRC, Aldridge Pite, DMI, and Auction.com are the only remaining Defendants at issue in this Order.[8] As noted above, Plaintiff meaningfully asserts five causes of action against Defendants: (i) violation of the FDCPA; (ii) invasion of privacy; (iii) violation of 42 U.S.C. § 1983; (iv) violation of 42 U.S.C. § 1985; and (v) violation of contract law. (Doc. 17 at 15–22). The Court will address each of these claims in turn.[9]

---

[8] The Court again notes that Defendants BMO Harris Bank, Casper, and Taylor have not yet appeared in this action and are therefore not directly at issue in this Order.

[9] Plaintiff appears to assert other claims for relief such as violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 (Doc. 17 at 15), violation of the "Consumer Protection Act, 47-18-104" (*id.*), "aggravated identity theft under . . . 18 [U.S.C.] § 1028A" (*id.* at 20), theft or property (*id.* at 1), trespass and harassment (*id.*), "act of eminent domain violations" (*id.*), and "scienter act violation" (*id.*). The Court summarily dismisses these

### 1. *FDCPA Claim*

"The FDCPA was enacted as a broad remedial statute designed to 'eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.'" *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1060 (9th Cir. 2011) (quoting 15 U.S.C. § 1692(e)). To state a claim under the FDCPA, "'a plaintiff must show: (1) that he is a consumer; (2) that the debt arises out of a transaction entered into for personal purposes; (3) that the defendant is a debt collector; and (4) that the defendant violated one of the provisions of the FDCPA.'" *Dix v. Nat'l Credit Sys., Inc.*, No. 2:16-cv-3257-HRH, 2017 WL 4865259, at *1 (D. Ariz. Oct. 27, 2017) (quoting *Freeman v. ABC Legal Servs. Inc.*, 827 F. Supp. 2d 1065, 1071 (N.D. Cal. 2011)).

Here, Plaintiff appears to only assert the FDCPA claims against Defendants Aldridge, Garrity, CRC, and Aldridge Pite, as these are the only Defendants mentioned in the SAC's Second and Third Causes of Action (*see* Doc. 17 at 17–20). Plaintiff's FDCPA claim fails because she has failed to allege that any of these Defendants are "debt collectors" under the FDCPA's primary definition of the term and, to the extent they may fall under the FDCPA's limited-purpose definition of the term, Plaintiff fails to allege a violation of § 1692f(6). In *Obduskey*, the Supreme Court recognized that the FDCPA contains both a "primary definition" and a "limited-purpose definition" of the term "debt collector." *Obduskey v. McCarthy & Holthus LLP*, 139 S. Ct. 1029, 1035–36 (2019). Under the primary definition, a debt collector is "any person . . . in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owned or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The FDCPA's limited-purpose definition provides: "For the purpose

---

"other" claims because Plaintiff does not meaningfully explain the basis for any of them. Therefore, Plaintiff fails to plead short and plain statements showing her entitlement to relief for any of these claims. *See* Fed. R. Civ. P. 8(a).

of section 1692f(6) of this title, [the] term [debt collector] also includes any person . . . in any business the principal purpose of which is the enforcement of security interests." *Id.* The *Obduskey* decision held that the "limited-purpose definition narrows the primary definition, so that the debt-collector-related prohibitions of the FDCPA (with the exception of § 1692f(6)) do *not* apply to those who . . . are engaged in no more than security-interest enforcement." *Obduskey*, 139 S. Ct. at 1037 (emphasis in original).

Here, Plaintiff has not alleged that Defendants were engaged in anything more than security-interest enforcement via nonjudicial foreclosure proceedings in a manner required by state law. Thus, Defendants Aldridge, Garrity, CRC, and Aldridge Pite do not fall under the primary definition of debt collector and all FDCPA provisions—aside from § 1692f(6)—do not apply to them. To the extent Plaintiff asserts violations of FDCPA provisions other than § 1692f(6), such claims are dismissed.[10]

Although Defendants *may* be considered debt collectors under the FDCPA's limited-purpose definition, Plaintiff does not sufficiently plead a § 1692f(6) violation. A debt collector falling solely within the limited-purpose definition is only prohibited from the following:

> Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if—
>
> (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest;
>
> (B) there is no present intention to take possession of the property; or
>
> (C) the property is exempt by law from such dispossession or disablement.

§ 1692f(6). Here, it is true that Defendants aim to sell the Property through nonjudicial means. However, Defendants have an enforceable security interest in the Property as a result of the mortgage obtained by Plaintiff's parents. Plaintiff does not allege any facts

---

[10] For example, Plaintiff alleges violations of § 1692g(b), § 1692d, § 1692(j), and § 1692(e)(8). (Doc. 17 at 18).

that, taken as true, would indicate anything to the contrary. For example, Plaintiff has alleged no facts indicating that the mortgage obtained by her parents was not valid nor any facts showing that Defendants do not otherwise possess an enforceable security interest in the Property. Plaintiff merely offers conclusory assertions that the Loan was paid off and that Plaintiff herself is not a party to any contract with Defendants. Such conclusory assertions are insufficient to state a claim for an FDCPA violation. The Court dismisses Plaintiff's FDCPA claims against Defendants Aldridge, Garrity, CRC, and Aldridge Pite.

## *2. Invasion of Privacy*

Plaintiff asserts an invasion of privacy claim against Defendants Aldridge, Garrity, CRC, and Aldridge Pite. (Doc. 17 at 19–20). Specifically, Plaintiff alleges that "[o]n or around March 24, 2022, Defendants [CRC] and Aldridge Pite LLP d/b/a John Aldridge & Jeff Garrity illegally obtained Plaintiff['s] consumer credit report(s)." (*Id.* at 19). Plaintiff alleges that she "never tendered a credit application" nor "provide[d] her social security number" to Defendants. (*Id.* at 20). Plaintiff asserts that she "has a right to discovery, to determine wherefrom Defendants . . . obtained her personal, private information." (*Id.*).

Arizona follows the Restatement (Second) of Torts for invasion of privacy claims. *Hart v. Seven Resorts, Inc.*, 190 Ariz. 272, 279, 947 P.2d 846 (Ct. App. 1997). Courts traditionally recognize "four separate torts under the right to privacy: (1) intrusion on the plaintiff's seclusion or private affairs; (2) public disclosure of embarrassing private facts; (3) publicity placing the plaintiff in a false light in the public eye; and (4) appropriation of the plaintiff's name or likeness for the defendant's advantage." *Skinner v. Tel-Drug, Inc.*, No. CV-16-00236-TUC-JGZ (BGM), 2017 WL 1076376, at *4 (D. Ariz. Jan. 27, 2017) (citing *Godbehere v. Phx. Newspapers, Inc.*, 162 Ariz. 335, 338, 783 P.2d 781 (1989)).

Here, Plaintiff does not specify which type of invasion of privacy claim she asserts against Defendants. Regardless, the SAC fails to state a claim for any of the four types. The latter three types are ruled out quickly. As to the second type, Plaintiff does not allege that Defendants publicly disclosed her credit report or that such disclosure would reveal "embarrassing private facts" about her. As to the third type, the SAC does not assert that

Defendants' alleged credit inquiry was "publicity" placing her in a false light. *See Grigoryan v. Convergent Outsourcing, Inc.*, No. CV 12–1499–CAS (PLAx), 2012 WL 4475455, at *5 (C.D. Cal. Sept. 24, 2012) ("Plaintiff fails to allege facts that demonstrate how the mere inquiry into plaintiff's credit report . . . resulted in publication."); *Nikogosian v. Calvary Portfolio Servs., LLC*, No. CV 12–00464–RGK (AJWx), 2012 WL 2568124, at *3 (C.D. Cal. July 2, 2012) ("Plaintiff's claim for false light invasion of privacy also fails because Plaintiff has not alleged that Defendant published or otherwise communicated any statement to a third party."). As to the fourth type, Plaintiff does not allege how a credit report inquiry was an appropriation of her name or likeness or how such an appropriation worked to Defendants' advantage.

This leaves only the first type of invasion of privacy claim: intrusion on the plaintiff's seclusion or private affairs. A claim for intrusion upon seclusion requires the Plaintiff to prove two elements: (i) an intentional intrusion, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns and (ii) that the intrusion would be highly offensive to a reasonable person. *Hart*, 190 Ariz. at 279, 947 P.2d 846 (citing Restatement (Second) of Torts § 652B). Plaintiff's claim fails because courts have recognized that making credit inquiries concerning an individual's credit report is not "highly offensive" conduct. *See Grigoryan*, 2012 WL 4475455, at *5 ("Plaintiff fails to allege facts that demonstrate how the mere inquiry into plaintiff's credit report would be 'highly offensive to a reasonable person' under the law."); *Ayvazian v. Moore Law Grp.*, No. 2:12-cv-01506-ODW, 2012 WL 2574947, at *5 (C.D. Cal. July 3, 2012) ("TMLG's act of running Plaintiff's credit report . . . is not an invasion of privacy highly offensive to a reasonable person."). In sum, the Court finds that Plaintiff has failed to state a claim for invasion of privacy based only on Defendants' alleged credit inquiry. The Court grants Defendants' Motions to Dismiss as to Plaintiff's invasion of privacy claim.

### 3. Section 1983 Claim

Section 1983 claims may only be brought against government officials acting under the color of law. *See Collins v. Womancare*, 878 F.2d 1145, 1147 (9th Cir. 1989); 42 U.S.C.

12

§ 1983. "The state-action element in § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Caviness v. Horizon Cmty. Learning Ctr., Inc.*, 590 F.3d 806, 812 (9th Cir. 2010) (quotations and citations omitted). That said, "[u]nder § 1983, a claim may lie against a private party who 'is a willful participant in joint action with the State or its agents. Private persons, jointly engaged with state officials in the challenged action, are acting 'under color' of law for purposes of § 1983 actions.'" *DeGrassi v. City of Glendora*, 207 F.3d 636, 647 (9th Cir. 2000) (quoting *Dennis v. Sparks*, 449 U.S. 24, 27–28 (1980)).

Here, Plaintiff does not name any government officials as Defendants. Rather, all named Defendants in this matter are private persons or companies. Moreover, Plaintiff has not alleged *any* facts which would indicate that any of the Defendants willfully participated in any "joint action" with the State or its agents such that their actions could be considered "under the color of law." Thus, Plaintiff's § 1983 claim is dismissed.

### 4.  Section 1985 Claim

Section 1985 contains three subparts. *See* 42 U.S.C. § 1985. Although the SAC does not clearly identify which subpart it relies on, the Court presumes that Plaintiff is asserting a claim under the first clause of § 1985(3) against Defendants. This clause provides a remedy where:

> two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws.

§ 1985(3). "The elements of a claim under the first clause of [§] 1985(3) are: '(1) the existence of a conspiracy to deprive the plaintiff of the equal protection of the laws; (2) an act in furtherance of the conspiracy; and (3) a resulting injury.'" *I.H. by & through Hunter v. Oakland Sch. for Arts*, 234 F. Supp. 3d 987, 994 (N.D. Cal. 2017) (citations omitted). Here, Plaintiff alleges that Defendants "worked together to conspire to prevent by force, intimidation, or threat the Plaintiff from discharging her duty, right and privileges as the

real owner of said Property." (Doc. 17 at 21). Plaintiff further alleges that "[t]hrough the impersonation of authorized representatives through fraud, misfeasance and malfeasance, the Defendants have hindered the administration of Justice for the Plaintiff, depriving the Plaintiff of security in her possessions and property directly or indirectly." (*Id.*).

The Court does not find these allegations—or any of Plaintiff's other allegations in the SAC—to sufficiently state a § 1985 claim. *At the least*, Plaintiff pleads no facts that, taken as true, would indicate the existence of a conspiracy. "[T]o be entitled to the presumption of truth, allegations in a complaint . . . may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *AE ex rel. Hernandez v. Cty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012); *see also Johnson v. California*, 207 F.3d 650, 655 (9th Cir. 2000) ("A mere allegation of conspiracy without factual specificity is insufficient.") (citations omitted). Moreover, Plaintiff does not plead any factual allegations showing what acts the Defendants took in furtherance of the alleged conspiracy nor any factual allegations demonstrating how Plaintiff was prevented from "discharging her duty, right and privileges as the real owner of said Property" or otherwise deprived of her "security in her possessions and property directly or indirectly" as a result of Defendants' allegedly conspiratorial actions. The Court finds that Plaintiff has failed to state a legally cognizable claim for violation of § 1985 and dismisses this claim.

### 5.  *Contract Law Claim*

Plaintiff alleges a "violation of contract law" claim against Defendants ServiceLink, Dovenmuehle Mortgage, BMO Harris, Clear Recon Corp., and Aldridge Pite. Plaintiff alleges that these Defendants—and their principals and agents—"induced and produced any and all contracts they allege exist between the Plaintiff and the Defendants through fraud, coercion, misrepresentation and non-disclosure." (Doc. 17 at 21). Plaintiff does not offer any additional factual allegations for this claim. Plaintiff does not identify which "contracts" she is referring to. Even if Plaintiff identified specific contracts for each of these Defendants, Plaintiff does not plead any facts as to how each of these Defendants

engaged in "fraud, coercion, misrepresentation and non-disclosure" with respect to said contracts. The Court cannot find that Plaintiff has pleaded a "violation of contract law" if it cannot even identify the contract at issue or the parties involved in the contracts at issue. The Court finds that the SAC falls woefully short of sufficiently pleading any sort of contract claim against any of the Defendants. This claim is dismissed.

## IV.    CONCLUSION

In sum, the Court finds that Plaintiff has failed to state a claim against any of the Defendants. Plaintiff fails to allege any facts against any of the Defendants which would indicate unlawful conduct or otherwise support any of her claims. Moreover, Plaintiff has failed to state any cognizable legal theory with respect to any of her claims. Plaintiff took title to the Property subject to the mortgage, and Defendants seek to foreclose on that mortgage after it defaulted. Plaintiff's SAC contains no plausible showing that Defendants have engaged in any unlawful conduct.

The Court grants Defendants' Motions to Dismiss (Docs. 39 & 40) and dismisses Plaintiff's SAC in its entirety. The Court's dismissal of Plaintiff's claims *includes* dismissal of those claims to the extent they are asserted against Defendant BMO Harris Bank and Defendants Casper and Taylor, even though these Defendants have not yet appeared in this action. "Pursuant to [Rule] 12(b)(6), a court may dismiss an action with prejudice as to a party who has not been served, answered, or appeared, if that party is similarly situated to the party moving to dismiss the action." *Cambron v. Starwood Vacation Ownership, Inc.*, 945 F. Supp. 2d 1133, 1146 (D. Haw. 2013) (citing *Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742–43 (9th Cir. 2008)). Here, the Court finds that Defendants Casper and Taylor are "similarly situated" to the other individual Defendants in this action because they are employees of BMO Harris Bank and the SAC does not contain any allegations relating to their individual conduct. *See supra* pt. III, sec. (C). Indeed, like the other individual Defendants, the SAC only mentions Defendants Casper and Taylor in the caption and does not refer to them anywhere else in the pleading. The Court also finds that Defendant BMO Harris Bank is similarly situated to the other Defendant companies in this

action. The SAC fails to include any allegations specific to Defendant BMO Harris Bank and, as explained above, it fails to state any legally cognizable claims.

Leave to amend a deficient complaint should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). When dismissing for failure to state a claim, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal quotation marks omitted). "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). Here, the Court finds that leave to amend would be futile, given the complete lack of facts alleged by Plaintiff relating to any wrongful conduct by any of the Defendants. Thus, the Court denies Plaintiff leave to amend and dismisses the action with prejudice.

Accordingly,

**IT IS ORDERED** that Defendants' Request for Judicial Notice (Doc. 41) is **granted**.

**IT IS FURTHER ORDERED** that Plaintiff's Third Amended Complaint (Doc. 32) is **stricken**. Plaintiff's Second Amended Complaint (Doc. 17) shall serve as the operative complaint in this matter. Attorneys Laurel I. Handley, Janet M. Spears, and David M. LaSpaluto—whom Plaintiff attempted to join as Defendants in the Third Amended Complaint—**are *not* joined as Defendants** in this matter.

**IT IS FURTHER ORDERED** that Defendants' Motions to Dismiss (Docs. 39 & 40) are **granted**. Plaintiff's Second Amended Complaint—including all of its claims against all Defendants—is **dismissed with prejudice.**

///

///

///

///

///

16

**IT IS FURTHER ORDERED** that this Court's Order to Show Cause (Doc. 60) is **vacated as moot**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall **terminate** this action.

Dated this 9th day of February, 2023.

Honorable Steven P. Logan
United States District Judge